# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

JEFFREY SUTTON,                                   Case No. 1:10-cv-937

    Plaintiff,                              Barrett, J.
                                            Bowman, M.J.
v.

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

## REPORT AND RECOMMENDATION

Plaintiff Jeffrey Sutton filed this Social Security appeal in order to challenge the Defendant's finding that he is not disabled. *See* 42 U.S.C. §405(g). By Report and Recommendation ("R&R") filed on December 22, 2011, I previously recommended that this case be remanded for further review because the Commissioner's decision was not supported by substantial evidence in the administrative record. (Doc. 12). The Defendant filed no objections, and the R&R was adopted by the presiding district judge on January 17, 2012. (Doc. 13).

On February 17, 2012, Plaintiff filed a motion seeking an award of $10,265.60 in attorney's fees under the Equal Access to Justice Act ("EAJA"). (Doc. 15). Defendant has filed a response in opposition. (Doc. 16).

**I. Analysis**

The EAJA provides that:

> [A] court shall award to a prevailing party…fees and other expenses…incurred by that party in any civil action…including proceedings for judicial review of agency action, brought by or against the

1

> United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A).

On the facts presented, Plaintiff is a "prevailing party" as defined; therefore EAJA fees "shall" be awarded unless the Commissioner's position was "substantially justified" or can demonstrate that "special circumstances" exist. Given the Court's conclusions in this case, Defendant does not claim that the Commissioner's prior litigation position was "substantially justified" or that "special circumstances" exist that would preclude any award of fees under the EAJA. Accordingly, the Court must resolve only the calculation of the fee award.

Plaintiff seeks a fee award that encompasses 28.50 hours of work at fees ranging from $176.00 to $180.63 per hour which amounts to $5,132.80.[1] Plaintiff further asserts that such amount should be "enhanced by a multiple of 2 for the contingency factor for a total award of $10,265.60." (Doc. 15 at 5). Plaintiff has included with his motion an itemized activity report for the hours counsel expended from the preparation and filing of the Complaint on December 27, 2010 up to and including his motion for fees filed just over a year later.

Under the EAJA, the amount of attorney fees "shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved justifies a higher fee." 28 U.S.C. §2412(d)(2)(A). A plaintiff seeking a higher hourly rate bears the burden of producing appropriate evidence to support the

---

[1] Counsel's fee calculation applied different monthly multipliers coinciding with the Consumer Price Index which resulted in range of hourly rates for the relevant period. (Doc. 15 at 3).

2

requested increase. *Bryant v. Commissioner of Soc. Sec.*, 578 F.3d 443, 450 (6th Cir. 2009). Thus, "[p]laintiffs must 'produce satisfactory evidence--in addition to the attorney's own affidavits--that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation.'" *Id.* at 895 n.11 *quoting Blum v. Stenson*, 465 U.S. 886, 898 (1984).

Specifically, to comport with *Bryant*, "this Court now requires additional proof such as "affidavits from other members of the local bar in which they testify as to their years of experience, skill, and reputation, and thus their consequent hourly rate," or alternatively, "results of a fee survey conducted by a state or local bar association committee comprised of lawyers in the social security area of practice." *See Zellner v. Astrue*, 2012 WL 273937 (S.D. Ohio Jan. 31, 2012). *See also Bushor v. Comm'r of Soc. Sec.*, Case No. 1:09-cv-320-MRB, 2011 WL 3438439 (S.D. Ohio 2011)(reducing fee to $125 under *Bryant* where plaintiff's counsel failed to submit more than a copy of Consumer Price Index). A mere reference to increased fees awarded in prior cases, or argument that an increase should be based on increased cost of living, is insufficient to warrant an increase beyond the statutory maximum attorney fee rate.

In response to Plaintiff's EAJA petition, Defendant argues that Plaintiff has not shown that his fee request is reasonable. The undersigned agrees.

In support of his claim for an hourly rate exceeding the statutory rate of $125.00 per hour, counsel submits his own affidavit setting forth his credentials and extensive experience handling Social Security disability cases. Counsel does not attach any other additional proof to justify an hourly rate in excess of the statutory rate. As such, the undersigned finds that counsel for Plaintiff has not proffered any evidence to support an

increased hourly rate as outlined by the Sixth Circuit in *Bryant*.[2]  Counsel has not submitted any evidence of the prevailing rate in the local community charged by Social Security practitioners of similar skill, experience, and reputation.  In addition, counsel has not submitted any evidence on the requested cost-of-living increase.  Therefore, the Court is constrained to limit the hourly fee to the statutory rate of $125.00.

The Court next turns to a discussion of the applicable hours Plaintiff's counsel worked relative to the sentence four remand, *i.e.*, the hours to which the $125.00 hourly rate shall be applied.  Counsel submits that 28.50 hours of attorney time was spent on this case before the District Court, including the preparation of the EAJA fee petition which is compensable pursuant to *Commissioner v. Jean*, 496 U.S. 154, 162 (1990).  The Court has reviewed the number of hours submitted by counsel and finds such hours reasonable and relevant to the prosecution of this matter.  Compensation for the 28.50 hours at the $125.00 hourly rate yields an attorney fee of $3,562.50  The Court notes that the Commissioner does not object to hours expended by counsel for Plaintiff in this litigation.  Accordingly, the Court finds such a fee is reasonable and should be awarded under EAJA.

---

[2] Additionally, and as noted by Defendant, Plaintiff's request that his fee award be doubled "for the contingency factor" runs counter to United States Supreme Court authority.  *See Pierce v. Underwood*, 487 U.S. 552, 573-74 (1988) (contingency not a special factor justifying award exceeding EAJA fee cap); *City of Burlington v. Delaware*, 505 U.S. 557, 567 (1992) (federal fee shifting statutes do not permit enhancement of the lodestar based on contingency).

4

**II. Conclusion and Recommendation**

Accordingly, **IT IS RECOMMENDED** that the EAJA fee petition filed by Plaintiff's counsel be **GRANTED**, **in part,** and that Plaintiff[3] be **AWARDED $3,562.50** in attorney fees. If the parties confirm that Plaintiff: (1) has contractually assigned any fee award to his attorney; and (2) owes no debt to the Government, the Commissioner alternatively should be permitted to pay the fee award to Plaintiff's counsel in accordance with any existing fee contract.

                                                         */s Stephanie K. Bowman*
                                                         Stephanie K. Bowman
                                                         United States Magistrate Judge

---

[3] The Court notes that the Supreme Court has clarified that any fees awarded to a prevailing party under the EAJA belong to the litigant, not the litigant's attorney. *See Astrue v. Ratliff*, 560 U.S.___, 130, S.Ct. 2521, 2524 (2010). Without evidence of an assignment to counsel, the Court cannot award fees directly to Plaintiff's counsel. In addition, those fees are subject to an offset to satisfy any pre-existing debt the litigant may owe to the United States. *Id.*

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

JEFFREY SUTTON,   Case No. 1:10-cv-937

    Plaintiff,   Barrett, J.
       Bowman, M.J.

  v.

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).