UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JEFFREY SUTTON,            Case No. 1:10-cv-937

    Plaintiff,            Barrett, J.
           Bowman, M.J.

    v.

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

**REPORT AND RECOMMENDATION**

On May 31, 2012, the Court issued an Ordering adopting the undersigned Report and Recommendation that Plaintiff's EAJA fee petition be granted in part and Plaintiff be awarded $3,562.50.  The Court further Ordered the Commissioner to directly pay the Plaintiff a fee award of $3,562.50 unless both parties confirm Plaintiff did not contractually assign any fee award to his attorney and that the Plaintiff owes no debt to the Government.   (Doc. 18).

This matter is now before the Court on Plaintiff's motion for attorney fees to counsel.  (Doc. 19).  In support of the instant motion, Plaintiff's counsel attached his fee agreement with Plaintiff, as well as an affidavit from Plaintiff Jeffrey Sutton stating, *inter alia*, that he "hereby assign[s] my entitlement to a fee and expense award under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d), to my attorney, Mark R. Naegel."  (Doc. 19, Ex. 1).  The Commissioner did not file a response to the motion.

1

2

Accordingly, for good cause shown, **IT IS RECOMMENDED** that Plaintiff's motion (Doc. 19) be **GRANTED** and that Plaintiff's counsel be **AWARDED $3,562.50** in attorney fees in accordance with Plaintiff's assignment of the award to his counsel.[1]

          /s *Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

---

[1] Notably, the Commissioner did not respond to the instant motion and therefore did not confirm whether Plaintiff owes a debt to the United States. If it is later determined that Plaintiff owes a debt to the United States, this award is subject to an offset to satisfy any such pre-existing debt. See *Astrue v. Ratliff*, 560 U.S.___, 130, S.Ct. 2521, 2524 (2010).

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

JEFFREY SUTTON,                          Case No. 1:10-cv-937

       Plaintiff,                              Barrett, J.
                                                 Bowman, M.J.
     v.

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,

       Defendant.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R.  That period may be extended further by the Court on timely motion by either side for an extension of time.  All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections.  A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).